UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

James Kimo Sanborn, IV, and Leana Joy Boller-Sanborn,

Debtors.

C/A No. 06-00276-JW

ORDER

Chapter 13

THIS MATTER comes before the Court upon Motion for Leave to Amend Informal Proof of Claim (the "Motion") filed by Fifth Third Bank ("Fifth Third"). In the Motion, Fifth Third requests leave to amend its informal proof of claim based on its activities during the bankruptcy case of James Kimo Sanborn, IV, and Leana Joy Boller-Sanborn (collectively, "Debtors") prior to the deadline for filing formal proofs of claim. No party in the case filed an objection. After considering the pleadings, the evidence presented, and counsels' arguments at the hearing, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, applicable in the bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7052.[1]

## FINDINGS OF FACT

1. On April 20, 2004, Debtors entered into a Retail Installment Contract and Security Agreement (the "Contract") with Parks Automotive Group, Inc. for the purchase of a 2004 Chevrolet Venture. The Contract was immediately assigned to Fifth Third.

2. Debtors filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on January 26, 2006. The case was converted to a Chapter 13 case on May 25, 2006. Debtors identified Fifth Third as a creditor holding a secured claim in the amount of $24,440.86 in their schedules and Plan filed in this case.

3. On May 31, 2006, the Court served a Notice to File Proof of Claim or Interest. The noticed bar date was October 10, 2006.

---

[1] The Court notes that, to the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and, to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

4.   On June 12, 2006, Fifth Third filed and served a Motion for Relief from Automatic Stay (the "Motion for Relief"), because Debtors defaulted on their post petition monthly payments outside of their Chapter 13 Plan. The Motion for Relief stated that the indebtedness owed to Fifth Third was $24,636.99 as of June 12, 2006, plus accrued but unpaid interest, escrow arrearages, late charges, and attorney's fees. Fifth Third filed a Certification of Facts with its motion and attached copies of the loan documents.

5.   The Court granted Fifth Third's Motion for Relief by Order dated July 6, 2006.

6.   When the bar date passed on October 11, 2006, Fifth Third had not filed a formal proof of claim.

7.   Having sold the secured property, Fifth Third filed the Motion to amend its informal proof of claim to make a claim for the deficiency on November 10, 2006. Fifth Third does not dispute that it did not file a formal proof of claim before the claims bar date; however, it argues that its actions prior to the bar date constitute an informal proof of claim that may be amended by way of a formal proof of claim. As the basis for its informal proof of claim, Fifth Third relies on the filing of its Motion for Relief and Debtors' identification of Fifth Third as a secured creditor in their schedules and Plan.

## CONCLUSIONS OF LAW

This Court has recognized informal proofs of claim as a means of relieving creditors that failed to file a timely proof of claim. See In re Elleco, 295 B.R. 797, 800 (Bankr. D.S.C. 2002); In re Collins, C/A No. 03-04179-W, slip op. at 3 (Bankr. D. S.C. Mar. 24, 2004); In re Delacruz, C/A No. 01-02118-W, slip op. at 2, 2002 WL 362755, at *2 (Bankr. D.S.C. Jan. 25, 2002). "Under the informal proof of claim doctrine, if a creditor's actions before the expiration of the deadline to file a claim constitute an informal proof of claim, the creditor is allowed to amend the informal proof of claim with a formal proof of claim complying with Rule 3001(a)." In re Elleco, 295 B.R. at 800. A document filed in the case or an action of the creditor may be treated as an informal proof of claim where the substance of the document or action and the particular circumstances of the case indicate that sufficient notice of the claim was given during the course of the bankruptcy proceeding. See id. (citing Davis v. Columbia Constr. Co., Inc. (In re Davis), 936 F.2d 771, 775 (4th Cir. 1991)). The Court must determine whether the facts of the case indicate that the creditor has affirmatively acted to alert other parties to the presence of its claim. The

Fourth Circuit has adopted a liberal policy in favor of finding an informal proof of claim if there is anything in the bankruptcy case's record that <u>establishes a claim</u>, in which case the informal proof of claim may be amended when substantial justice will be done by allowing the amendment. See <u>In re Elleco,</u> 295 B.R. at 800 (citing <u>Fyne v. Atlas Supply Co.,</u> 245 F.2d 107 (4th Cir. 1957) (emphasis added).

In this case, the principle issue for the Court to decide is whether Fifth Third's filing of a motion for relief from stay should be treated as an informal proof of claim.[2] Whether a particular document will be treated as an informal proof of claim depends on the contents of the document and the circumstances of the case. This Court has previously considered the following elements to determine whether an informal proof of claim exists: (1) the claim must be in writing; (2) the writing must contain a demand by the creditor on the estate; (3) the writing must evidence an intent to hold the debtor liable for the debt; (4) the writing must be filed with the bankruptcy court; and (5) the facts of the case must be such that allowance of the claim is equitable. See <u>In re Elleco,</u> 295 B.R. 797 (Bankr. D.S.C. 2002); <u>In re Collins,</u> C/A No. 03-04179-W, slip op. (Bankr. D. S.C. Mar. 24, 2004); <u>In re Trimble,</u> C/A No. 02-02557-W, slip op. <u>In re Delacruz,</u> C/A No. 01-02118-W, slip op., 2002 WL 362755, at *2 (Bankr. D.S.C. Jan. 25, 2002).

Fifth Third's Motion for Relief supplies much of the information called for in the official proof of claim. The motion is in writing and is filed with the court. It states the name of the creditor and is signed by an authorized representative (its attorney). Fifth Third also attached copies of supporting documents for its claim, including a copy of the Retail Installment Contract and Security Agreement dated April 4, 2004. The motion provides that the indebtedness owed to Fifth Third was $24,636.99 as of June 12, 2006. Additionally, the Certification of Facts filed with the Motion for Relief indicates that the collateral's fair market value may be less than the debt owed to Fifth Third.[3] While this may not be an explicit statement of a claim, it can be reasonably inferred that Fifth Third intended to make a claim for

---

[2] The Debtors' identification of Fifth Third as a creditor in their schedules and plan is a factor the Court may consider but is not sufficient, standing alone, to constitute an informal proof of claim. <u>In re Davis,</u> 936 F.2d at 775-776.

[3] Fifth Third's Certification of Facts lists the Fair Market Value of the 2004 Chevrolet Venture as $13,725.00 and Fifth Third's lien on the vehicle as $24,639.99.

3

the entire amount of the debt, not just the secured portion. Further, the Certification of Facts gives notice that Fifth Third contemplated that a deficiency claim would be filed. The Court finds that allowance of this claim is equitable under the circumstances, especially considering that Fifth Third was fairly timely in bringing this Motion, Debtors listed Fifth Third's debt in their schedules and Plan, and no parties have objected.

For the foregoing reasons, the Court finds that the filing of Fifth Third's Motion for Relief constitutes an affirmative act alerting other parties to the presence of its claim and is sufficient to constitute an informal proof of claim.

IT IS THEREFORE ORDERED that Fifth Third's Motion is granted and that Fifth Third may amend its informal proof of claim by filing a formal proof of claim that shall be considered timely. Such amended claim shall be filed within twenty (20) days of the entry of this Order.

AND IT IS SO ORDERED.

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
December 7, 2006